**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Lane, ) | CIV 13-1125-PHX-MHB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Carolyn W. Colvin, Commissioner of the ) Social Security Administration, ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff Robert A. Lane's appeal from the Social Security Administration's final decision to deny his claim for disability insurance benefits. On April 16, 2014, the Commissioner filed a Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 20). After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act in February 2008, alleging disability beginning June 1, 2006. (Transcript of Administrative Record ("Tr.") at 252-53, 277, 281-82.) After a hearing, an ALJ issued a decision denying Plaintiff's claim. (Tr. at 33-54, 106-21.) However, the Appeals Council later granted Plaintiff's request for review, and remanded the case for further consideration and a new decision. (Tr. at 122-25.)

Following a second administrative hearing, another ALJ issued an October 10, 2012 decision finding that Plaintiff was not disabled as defined in the Social Security Act. (Tr. at

64-103, 8-32.) The Appeals Council denied Plaintiff's subsequent request for review, thereby making the ALJ's October 2012 decision the final decision of the Commissioner. Plaintiff sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Reddick, 157 F.3d at 720. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]." Reddick, 157 F.3d at 720-21.

## III. THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1) determine whether the applicant is engaged in "substantial gainful activity";

(2) determine whether the applicant has a medically severe impairment or combination of impairments;

(3) determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of June 1, 2006, through his date last insured of December 31, 2011. (Tr. at 14.) At step two, he found that Plaintiff had the following severe impairments: late effects of cerebrovascular accident; stroke with right side weakness; affective disorders; COPD (quit smoking); high blood pressure; and obesity. (Tr. at 14.) At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 14-16.) After consideration of the entire record, including Plaintiff's allegations of disabling pain and the objective medical evidence, the ALJ found that through the date last insured, Plaintiff retained the residual functional capacity to perform a range of medium work.[1] (Tr. at 16-24.) At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. at 24-25.) Therefore, the ALJ

---

[1] "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

decided that Plaintiff was not under a disability at any time from June 1, 2006, through December 31, 2011 – the last date insured. (Tr. at 25-26.)

## IV. DISCUSSION

In his brief, Plaintiff contends that the ALJ erred by: (1) failing to properly consider the testimony of the vocational expert; (2) failing to adequately address treating and examining physician opinions as to his physical restrictions; (3) failing to adequately assess third party reporting; and (4) failing to properly consider his subjective complaints. Plaintiff requests that the Court vacate the decision of the ALJ and remand for a determination of benefits.

In response to Plaintiff's brief, the Commissioner filed a Motion to Remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner first concedes that the ALJ failed to include in his hypothetical question to the vocational expert all of the limitations that he included in his RFC assessment. Second, the Commissioner states that the ALJ's RFC finding that Plaintiff would "likely have a slower work pace than average; [and] can interact with peers, supervisors, and the general public appropriately, with periods of irritability and frustration due to his depressed mood," is vague and needs to be clarified. Accordingly, the Commissioner seeks to remand the case for further administrative proceedings, in particular to further develop the record by revising Plaintiff's RFC assessment (explaining the concrete functional limitations that result from Plaintiff's symptoms); reassess whether Plaintiff could perform work based on the revised RFC, obtaining vocational expert testimony if necessary; and issue a new decision.[2]

In his decision, the ALJ first evaluated Plaintiff's subjective complaints, making extensive credibility findings and identifying multiple reasons supported by the record for

---

[2] The Commissioner notes that remand for further proceedings moots any argument as to the sufficiency of the ALJ's consideration and weighing of the evidence in that, on remand, the ALJ's assessment of Plaintiff's RFC will require that he reconsider all of the record evidence. See Social Security Ruling 96-8p, 1996 WL 374184, at *4-7 (in assessing a claimant's RFC, the adjudicator must consider "*all* of the relevant evidence in the case record") (emphasis in original); see also 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(3).

- 4 -

1 discounting Plaintiff's statements regarding his pain and limitations. (Tr. at 17-21.)
2 Although the ALJ recognized that Plaintiff's medically determinable impairments could
3 reasonably be expected to cause his alleged symptoms, the ALJ also found that Plaintiff's
4 statements concerning the intensity, persistence, and limiting effects of the symptoms were
5 not fully credible. (Tr. at 17.) Specifically, the ALJ found that Plaintiff's subjective
6 statements regarding his symptoms and limitations were undermined by inconsistencies with
7 (1) his own varied reports throughout the record; (2) the objective medical evidence; (3) his
8 activities of daily living; (4) his treatment history; and (5) the effectiveness of medications
9 and treatment as documented in the record. (Tr. at 17-21.)

10 The ALJ next addressed the objective medical evidence, giving specific and legitimate
11 reasons, based on substantial evidence in the record, for both adopting and discounting the
12 various medical opinions of treating physicians, examining physicians, and non-examining
13 physicians of record. (Tr. at 21-23.) The ALJ reasonably discredited conflicting medical
14 opinions due to inconsistencies with Plaintiff's treatment record and the medical evidence
15 as a whole. (Tr. at 21-23.) The ALJ also gave minimal weight to opinions that were
16 conclusory, lacked supporting clinical findings, and were primarily based on Plaintiff's self-
17 reports. (Tr. at 21-23.)

18 Lastly, the ALJ examined the third-party statements submitted by Plaintiff's mother
19 finding that said statements do not establish that Plaintiff had disabling limitations, and were
20 not entitled to significant weight because, similar to Plaintiff's own statements, they were not
21 consistent with the preponderance of the opinions and observations of medical sources in this
22 case. (Tr. at 23-24.)

23 As previously indicated, the Commissioner concedes that the ALJ's decision denying
24 benefits is deficient. Specifically, the Commissioner contends that the ALJ failed to include
25 in his hypothetical question to the vocational expert all of the limitations that he included in
26 his RFC assessment and, additionally states, that the ALJ's RFC finding that Plaintiff would
27 "likely have a slower work pace than average; [and] can interact with peers, supervisors, and
28 the general public appropriately, with periods of irritability and frustration due to his

1 depressed mood," is vague and needs to be clarified. The Commissioner seeks to remand the
2 case for further administrative proceedings. Plaintiff, however, suggests that in light of the
3 ALJ's errors, the Court should vacate the decision of the ALJ and remand for a determination
4 of benefits.

5 "When an ALJ's denial of benefits is not supported by the record, the proper course,
6 except in rare circumstances, is to remand to the agency for additional investigation or
7 explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (quotation omitted). The
8 Court applies the credit-as-true rule to determine that a claimant is disabled and entitled to
9 an award of benefits only if there are no "outstanding issues [in the record] that must be
10 resolved" and "it is clear from the record that the ALJ would be required to find the claimant
11 disabled were [the improperly rejected] evidence credited." Harman v. Apfel, 211 F.3d
12 1172, 1178 (9th Cir. 2000). However, a "claimant is not entitled to benefits under the statute
13 unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be."
14 Strauss v. Comm'r, Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011). An award of
15 benefits is appropriate only if all factual issues have been resolved and the record supports
16 a finding of disability.

17 Here, there are identifiable issues to be resolved on remand. Notwithstanding the
18 deficiencies in the ALJ's decision set forth by the parties, as the Court has identified – the
19 ALJ did point to significant evidence in the record that would support a finding of
20 non-disability. Because there are outstanding issues to be resolved, the Court will deny
21 Plaintiff's request for an award of benefits, grant the Commissioner's Motion to Remand, and
22 remand this matter for further administrative proceedings.

23 Therefore,

24 **IT IS ORDERED** that the Commissioner's Motion to Remand (Doc. 20) is
25 **GRANTED**;

26 **IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED**
27 under sentence four of 42 U.S.C. § 405(g) and **REMANDED** to the Commissioner for
28 further administrative proceedings, as follows:

On remand, the Appeals Council will remand the matter to an administrative law judge for further evaluation of the record and a new decision. The Appeals Council will direct the ALJ to:

- further develop the record by revising Plaintiff's residual functional capacity assessment, explaining the concrete functional limitations that result from Plaintiff's symptoms;
- reassess whether Plaintiff could perform work based on the revised RFC, obtaining vocational expert testimony if necessary; and
- issue a new decision;

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

**DATED** this 28th day of July, 2014.

*[signature: Michelle H. Burns]*

Michelle H. Burns
United States Magistrate Judge